WO                                                                                                    ASH

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Mitch Taebel,                                      No.   CV 20-01484-PHX-JAT (CDB)

                    Petitioner,

v.                                                 **ORDER**

Mark Brnovich, et al.,

                    Respondents.

Petitioner Mitch Taebel, who is confined in a Maricopa County Jail, has filed a handwritten pro se "Complaint" (Doc. 1).   In Order to facilitate consideration of the document, the Clerk of Court has docketed it as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition").   In the Petition, Petitioner "demand[s] intervention from the federal courts" for his allegedly "unconstitutional detainment" during his ongoing state criminal proceedings.[1]

As Petitioner has been previously informed,[2] the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court.   The *Younger* abstention doctrine continues to apply while a case works its way through the state

---

[1] *See* Maricopa County Superior Court Docket in case no. CR2019-104-389 (*available at* http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber= CR2018-104389) (*last visited* July 31, 2020).

[2] *See* Doc. 8 in *Taebel v. Montgomery*, case no. CV 18-01354-PHX-SRB (ESW) D.Ariz. 2018).

appellate process.  *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) ("[f]or *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system"); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608 (1975) ("Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial.")

"Three requirements have evolved for proper invocation of *Younger*: (1) ongoing state judicial proceedings; (2) implication of an important state interest in the proceedings, and; (3) an adequate opportunity to raise federal questions in the proceedings."  *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987) (citation omitted).

Based on these criteria, *Younger* abstention is appropriate here.  The State's interest in prosecuting Petitioner is obvious.[3]  Petitioner can adequately litigate his underlying claims related to the propriety of his present prosecution in his ongoing state criminal proceedings.  Conversely, the potential for federal-state friction resulting from federal intervention is obvious should this Court interfere with those proceedings.  Put another way, if relief is available to Petitioner in connection with his state criminal proceedings, it lies in the state court.  When Petitioner's state court criminal proceedings have concluded, Petitioner may seek relief in federal court for any denial of a federally protected right through a petition for writ of habeas corpus.  However, Petitioner should note that federal courts will not entertain a habeas petition until Petitioner has exhausted his state court remedies, *Rose v. Lundy*, 455 U.S. 509 (1982), and any claim for damages will be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), unless Petitioner can demonstrate his conviction has previously been reversed or otherwise invalidated, because such a judgment in favor of Petitioner on these issues would necessarily imply the invalidity of his conviction or sentence.

---

[3] Petitioner has been charged with one count each of aggravated assault with a deadly weapon, unlawful flight from a law enforcement vehicle, and endangerment.

Accordingly, the "Complaint" and this action will be dismissed pursuant to *Younger*.

**IT IS ORDERED:**

(1)     The "Complaint" (Doc. 1) is **dismissed** pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and the Clerk of Court must enter judgment accordingly.

(2)     Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 4th day of August, 2020.

James A. Teilborg
Senior United States District Judge