WO                                                                                          ASH

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mitch Taebel, | No. CV 20-01484-PHX-JAT (CDB) |
| Petitioner, | |
| v. | **ORDER** |
| Mark Brnovich, et al., | |
| Respondents. | |

On July 24, 2020, Petitioner Mitch Taebel, who is confined in a Maricopa County Jail, filed a handwritten pro se "Complaint." In Order to facilitate consideration of the document, the Clerk of Court docketed it as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). In the Petition, Petitioner "demand[ed] intervention from the federal courts" for his allegedly "unconstitutional detainment" during his ongoing state criminal proceedings.[1] By Order dated August 5, 2020, the Court noted that as Petitioner has been previously informed,[2] the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. The *Younger* abstention doctrine continues to apply while a case works its way through the state appellate process.

---

[1] *See* Maricopa County Superior Court Docket in case no. CR2019-104-389 (*available at* http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber= CR2018-104389) (*last visited* July 31, 2020).

[2] *See* Doc. 8 in *Taebel v. Montgomery*, case no. CV 18-01354-PHX-SRB (ESW) D.Ariz. 2018).

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) ("[f]or *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system"); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608 (1975) ("Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial."). Accordingly, the Court dismissed the Petition without prejudice pursuant to *Younger*, and directed that this case be closed. Judgment was entered the same day. (Doc. 4).

Petitioner has now filed a handwritten "First Amended Complaint" (Doc. 5). This action is closed, and Petitioner has not sought to reopen it or presented any basis for doing so. Accordingly, the Court will take no action on the "First Amended Complaint." This action shall remain closed.

**IT IS ORDERED:**

(1) The Court takes no action on the "First Amended Complaint" (Doc. 5).

(2) This action must remain closed.

Dated this 19th day of August, 2020.

James A. Teilborg
Senior United States District Judge